

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,022-01

### EX PARTE MARCUS EDWARD CLICK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W12270-1 IN THE 355TH DISTRICT COURT FROM HOOD COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication manslaughter and, after his initial term of community supervision was revoked, was sentenced to ten years' imprisonment. The Second Court of Appeals affirmed his conviction. *Click v. State*, No. 02-14-00247-CR (Tex. App.—Ft. Worth Feb. 27, 2015).

Applicant contends that his trial counsel rendered ineffective assistance by not fully investigating and presenting the defense that Applicant was not driving at the time of the incident. Applicant alleges that counsel had a witness statement and photos from the scene which tended to

show that Applicant was not driving, but he did not share that information with Applicant who could not remember the details of the incident. He also alleges that counsel did not present the defense that the offense occurred within a private subdivision which was not open to the general public and therefore the offense did not occur "in a public place" as required by TEXAS PENAL CODE Sec. 49.08.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the photos and witness statement in question were exculpatory, whether counsel discussed that evidence with Applicant, and whether the defenses Applicant outlines in his application were discussed with Applicant before his initial guilty plea. The trial court shall also make findings regarding whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for

habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 7, 2016
Do not publish